

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARTHUR TAYLOR, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | No. 09 C 7162 |
| THOMAS DART, in his official capacity as the ) | |
| Sheriff of Cook County, the COUNTY OF COOK, ) | The Honorable William J. Hibbler |
| and the RETIREMENT BOARD OF THE ) | |
| COUNTY EMPLOYEES ANNUITY BENEFIT ) | |
| FUND, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Taylor filed this suit under 42 U.S.C. § 1983 and Illinois law. He alleges that, after a long history of litigation challenging his termination, the Cook County Sheriff reinstated him as a correctional officer. But, he complains that Defendants have not placed him in the position he would have occupied had he never been fired. First, he claims that they failed to properly restore his paid holidays, paid personal days, and hours of paid vacation. Second, he claims that they failed to provide him with the proper number of service credits and thereby adversely affected his pension. He alleges that in so doing, Defendants violated his constitutional right to due process, and seeks recovery under state law pursuant to the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 *et seq.*, and through the issuance of a writ of mandamus. Defendants now move to dismiss the suit under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), for lack of subject matter jurisdiction and failure to state a claim, respectively. For the reasons stated below, the Court grants that motion.

1

## BACKGROUND

Taylor's complaint sets forth the following relevant facts. On July 31, 1997, then Cook County Sheriff Michael Sheahan, in a written complaint before the Cook County Merit Board, charged Taylor with violating a general order that prohibited the writing of false official reports. The Merit Board found that Taylor had in fact violated the order and terminated him from his employment as a correctional officer effective July 31, 1997. Taylor filed a state court complaint for administrative review of the Merit Board's decision in the Illinois circuit court. The circuit court affirmed the Merit Board's decision, but Taylor appealed the decision, and the Illinois Appellate Court reversed and remanded the case to the Merit Board. Twice more, the Merit Board would terminate Taylor on the basis of amended complaints filed by the Sheriff, and each time the Illinois courts reversed the Merit Board's termination. Finally, on November 16, 2007, the Circuit Court of Cook County ordered the Sheriff to reinstate Taylor as a correctional officer. The Sheriff reinstated Taylor on January 21, 2008. On June 13, 2008, Taylor received a payroll check representing the back pay he would have earned as a correctional officer during the time of his suspension and termination, less an offset for income he earned from other sources during that period.

When he was reinstated as an employee, his time sheet indicated that he had 141 paid holidays, 40 paid personal days, and 1,100 hours of paid vacation. However, Defendants reduced those numbers to 13 paid holidays, 5 paid personal days, and 350 hours of paid vacation. Taylor's pension account, which is administered by Defendant Retirement Board of the County Employees Annuity Benefit Fund (the "Retirement Board"), does not reflect the number of years of service Taylor would have accumulated had he never been fired.

2

Defendant Dart provides a grievance procedure for correctional officers. On May 20, 2008, Taylor filed a grievance against Dart seeking an increase in his paid holidays, personal days, vacation hours, and service credits. Since then, the Sheriff's office has heard the grievance but has not ruled on it.

In each count of his complaint, Taylor seeks an order directing Defendants to grant him the same increase in paid holidays, personal days, vacation hours, and service credits he seeks in his grievance. In the relief section of his due process claim, he also requests damages in excess of $100,000.

## *DISCUSSION*

### 1. Subject matter jurisdiction

The Court turns first to the jurisdiction questions raised by Defendants' motion because if the Court lacks jurisdiction, the Court need not address the substantive allegations of the complaint. Taylor's only basis for alleging subject matter jurisdiction in this case is that his Section 1983 claim arises under federal law. Defendants make two arguments for why the Court lacks subject matter jurisdiction. First, they claim that Taylor must exhaust administrative and state remedies before he can bring his Section 1983 claim. Second, they claim that his Section 1983 claims against the Sheriff and the County are barred by the doctrine of *res judicata*.

In making their first argument, Defendants note that Taylor pleads that he has in fact already initiated the grievance procedure available under the County's collective bargaining agreement for contesting the Defendants' decision to allot Taylor a certain number of personal days, holidays, and vacation hours. They also note that, pursuant to its rulemaking power, *see* 40 ILCS § 5/9-202, the Retirement Board has promulgated rules governing hearings concerning pension claims. Thus, Taylor could request a hearing to contest the calculation of his pension

(though the Board claims that it has not yet calculated Taylor's pension and Taylor does not plead otherwise). Defendants also point out that Taylor could also seek relief by simply filing a state court action seeking the same relief he currently seeks in his second and third counts. Defendants argue, Taylor cannot pursue a Section 1983 claim until he has exhausted those various remedies.

However, Defendants do not cite to any case law barring Section 1983 claims filed prior to the exhaustion of state remedies. Taylor responds by citing the Supreme Court's declaration that "[i]n general, exhaustion of state remedies is *not* a prerequisite to an action under § 1983." *Heck v. Humphrey*, 512 U.S. 477, 480, 114 S. Ct. 2364, 2369, 129 L. Ed. 2d 383 (1994) (emphasis in original) (internal quotations omitted). In its reply brief, Defendants appear to concede this point, but cite *Veterans Legal Defense Fund v. Schwartz*, 330 F.3d 937, 941 (7th Cir. 2003), for the proposition that while Taylor need not exhaust state remedies prior to bringing a § 1983 claim alleging a failure to provide due process, he cannot complain of a lack of due process simply because he chose not to pursue adequate remedies provided by the state. In other words, Defendants claim that the other remedies that are available to Taylor are adequate and thus, regardless of whether he has pursued those remedies, his claim should fail. This is a substantively distinct argument, however, that goes to the merits of Taylor's claim, not to jurisdiction. The Court addresses this argument below, after addressing all jurisdictional arguments.

Defendants' second argument is that Taylor could have addressed any of the claims he now brings during the lengthy litigation before the Merit Board that led to his reinstatement and that those claims are therefore barred by the doctrine of *res judicata*. They point out, first of all, that both Illinois and federal courts have consistently found the Board's enabling statute to

4

confer the power to award back pay. *See Ellis v. Sheahan*, 412 F.3d 754, 756-57 (7th Cir. 2005) (compiling cases). While Taylor quibbles with this point, his main argument seems to be that he is requesting benefits, rather than back pay. However, this distinction that does not seem to be relevant according to the law on the subject, which traces the power to award back pay to the Board's power to place employees in the same position they would have occupied had they not suffered an improper adverse action. *See id.* (citing *Kropel v. Conlisk*, 60 Ill. 2d 17, 27, 322 N.E.2d 793, 798 (1975)).

Because the Merit Board has the power to place Taylor in the position he would have been in had he never been terminated, Defendants argue that Taylor could have made his pending claims when he was before the Board disputing his termination. The Court, however, is not in a position to determine whether that is true. Depending on the course of those proceedings, it may not have been apparent to Taylor that he needed to make any such claims. Indeed, he pleads now that the Sheriff originally credited him for far more benefits and then reduced the number to its current state. Thus, if the Sheriff did indeed deprive Taylor of some benefit, it does not appear that he did so until after the proceedings before the Merit Board were complete. The Court cannot find that Taylor waived his right to contest the Sheriff's decision before the Sheriff even made it. Defendants' argument is also undermined by cases such as *Ellis v. Sheahan*, 412 F.3d at 756-57, which they cite, and their own argument that Taylor should await the resolution of his pending grievance procedure, which both indicate that it is perfectly appropriate for Taylor to seek administrative relief for his complaints post-reinstatement.

For these reasons, the Court finds Defendants' jurisdictional arguments for dismissal unpersuasive.

## II. Failure to state a claim

### A. Standard of review

Motions to dismiss test the sufficiency, not the merits, of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss under federal notice pleading, a plaintiff must "provide the grounds of his entitlement to relief" by alleging "enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (internal quotation marks, brackets, and citation omitted). Specific facts are not necessary. *Erickson v. Pardus*, 551 U.S. 89, 93, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). The Court treats well-pleaded allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Disability Rights Wisc., Inc. v. Walworth County Bd. Of Supervisors*, 522 F.3d 796, 799 (7th Cir. 2008).

### B. Analysis

The Court begins its analysis with a few clarifying notes about the law regarding the Due Process Clause of the Fourteenth Amendment. Taylor seems to misunderstand the interest protected by the clause, and thus alleges irrelevant injuries and requests inappropriate relief. The Due Process Clause prohibits the state from depriving Taylor of property (or liberty) without providing him with notice and the opportunity for a hearing at which he could contest that deprivation.[1] *Ellis*, 412 F.3d at 756. Thus, the injury at issue is the failure to provide that

---

[1] In his response brief, Taylor also claims to bring a substantive due process claim. This claim finds no support in his complaint. Not only does Taylor never explain the theory behind his purported claim, but Seventh Circuit case law makes clear that Taylor's interest in certain benefits of his employment are not the type of fundamental right protected by substantive due process. *See, e.g., Taake v. County of Monroe*, 530 F.3d 538, 542-43 (7th Cir. 2008); *Goros v. County of Cook*, 489 F.3d 857, 860 (7th Cir. 2007); *Brown v. Brienen*, 722 F.2d 360, 366-67 (7th Cir. 1983). Taylor really only seems to bring the claim up in order to argue that there is no

6

process, and the proper remedy would be to provide Taylor with notice and a hearing, rather than conducting a trial on the issues of whether the deprivation itself was justified and how to remedy the deprivation. *Zinermon v. Burch*, 494 U.S. 113, 125-26, 110 S. Ct. 975, 983, 108 L.Ed. 2d 100 (1990); *Taake v. County of Monroe*, 530 F.3d 538, 543 (7th Cir. 2008) (citing *Goros v. County of Cook*, 489 F.3d 857 (7th Cir. 2007)); *Dargis v. Sheahan*, 526 F.3d 981, 989-90 (7th Cir. 2008). Taylor, however, does not seek a hearing. He seeks an order granting him the benefits and service credits he thinks he deserves, as well as damages of more than $100,000. Taylor's pleadings contain no basis for damages. The only actual injury he alleges, the Defendants' improper allotment of benefits and service credits, can be remedied through a proper allotment. Outside of actual damages, a successful plaintiff can only recover nominal damages not to exceed one dollar for deprivation of due process. *Carey v. Piphus*, 435 U.S. 247, 266-67, 98 S.Ct. 1042, 1054, 55 L.Ed.2d 252 (1978).

The Court therefore turns to the central issue in this case, which is whether the state has provided or is providing adequate process to Taylor for resolution of his claims. The Court begins its analysis by addressing Taylor's claims against the Retirement Board. As noted above, the Retirement Board has promulgated rules that provide Taylor with a hearing for contesting the Board's calculation of his pension annuity. Taylor does not claim that the Board has calculated his annuity yet, nor does he seem to question the adequacy of the hearing process the Board provides. Thus, he clearly has not stated a claim against the Board.

The Court next addresses Taylor's claims that the grievance procedure provided by the remaining defendants pursuant to the collective bargaining agreement is inadequate. Taylor's

---

requirement that he exhaust his remedies prior to filing suit. However, as noted above, there is no such requirement in this case, regardless of whether Taylor is alleging procedural or substantive due process.

7

only complaints about the procedure are that it takes too long and that it only provides him with a post-deprivation remedy. With regard to the latter point, Taylor's claim is foreclosed by *Ellis*, where the Court found that a pre-deprivation hearing was not necessary to determine the amount of back pay owed to a correctional officer employed by the Cook County Sheriff upon reinstatement following an extended suspension. 412 F.3d at 757-58. Taylor makes no attempt to distinguish his case from that one, and the Court finds no material distinction. If anything, the fact that he seeks to recover benefits rather than back pay seems to detract from the weight of his interest, which is one of the factors the Court must consider in determining whether a pre-deprivation hearing is necessary. *See Matthews v. Eldridge*, 424 U.S. 319, 334-35, 96 S.Ct. 893, 903, 47 L.Ed.2d 18 (1976).

On the other hand, there is some legitimacy to Taylor's complaint that the grievance procedure has taken too long because "there is a point at which an unjustified delay in completing a post-deprivation proceeding would become a constitutional violation." *Fed. Deposit Ins. Corp. v. Mallen*, 486 U.S. 230, 242, 108 S.Ct. 1780, 1788, 100 L.Ed.2d 265 (1988) (internal quotation omitted). At the time Taylor filed his complaint, a year and a half had already passed since he filed his grievance. That is definitely a lengthy delay, and perhaps unjustified. But Taylor's argument is once again foreclosed by *Ellis*, where the court found that a correctional officer at the Sheriff's office failed to state a claim for a due process violation because she could obtain back pay following reinstatement through the grievance procedure, as well through a state suit under the Illinois Wage Payment and Collection Act or by an action for mandamus. 412 F.3d at 756-58. Taylor concedes that a state suit is an adequate procedure for obtaining relief in this case as well – in fact, he pursues both of those claims in this very suit. This concession undermines his argument against dismissal in two ways. First, and most

importantly, Taylor has essentially admitted that there are adequate state procedures available to him. Second, given that litigation in state court, which will likely by a lengthy process, is adequate under these circumstances, it would be difficult for Taylor to prove that a year-and-a-half long grievance procedure is unconstitutionally lengthy.

Nonetheless, the Court notes that Defendants are dragging their heels when it comes to Taylor's grievance. Given that the grievance procedure was negotiated for as part of the collective bargaining agreement, it is probably the preferable method of resolving this dispute for all parties when compared to litigation in state court. Thus, Defendants would serve the interests of everyone involved by bringing Taylor's grievance to resolution quickly.

Taylor has apparently been fighting with his employer for a very long time over his termination and reinstatement. At this point, he may be quite frustrated with the actions of the Defendants, who he believes are continuing to do him harm. However, regardless of whether Defendants are doing him harm, they have not deprived him of the opportunity to contest any of their actions and, therefore, they have not committed a violation of his rights under the Due Process Clause of the Fourteenth Amendment. The Court finds that Taylor fails to state a claim under federal law, and declines to exercise supplemental jurisdiction over his state claims.

## CONCLUSION

For the above reasons, the Court GRANTS Defendants' motion to dismiss.

IT IS SO ORDERED.

9/29/10
Dated

Hon. William J. Hibbler
United States District Court

9